[Crim. No. 33784. Second Dist., Div. Five. July 9, 1980.]

**THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANGELO GLORIA, Defendant and Appellant.**

**Counsel**

G. Martin Jacobs, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—By complaint, defendant was charged with 15 counts of robbery, violations of Penal Code section 211. Defendant pleaded guilty to five counts (counts I, II, V, VIII and X) and admitted, in each count, allegations of use of a firearm within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). The plea bargain with the district attorney provided that the other counts would be dropped. Defendant's motion to withdraw his guilty plea was denied. Probation was denied and defendant was sentenced to state prison. Having obtained a certificate of probable cause, defendant appeals from the judgment of conviction entered on August 31, 1978.

Defendant contends that his conviction is based upon a guilty plea taken in absence of an "on-the-record" waiver of defendant's right to a jury trial. Defendant further contends that the failure of the court to advise defendant pursuant to Penal Code section 1016.5 constitutes reversible error. We find both contentions to be without merit.

(1) *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and its progeny require that the trial court advise the accused as to his constitutional rights to a jury trial, to confrontation of witnesses, and against self-incrimination, to make certain that he has a full understanding of what the plea connotes and its consequences, and to ensure an adequate record for review. (*Boykin* v. *Alabama* (1969) *supra*, 395 U.S. at pp. 243-244 [23 L.Ed.2d at pp. 279-280]; *People* v. *Rizer* (1971) 5 Cal.3d 35, 37 [95 Cal.Rptr. 23, 484 P.2d 1367]; *In re Tahl* (1969) 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449].) *Tahl* holds that "[T]he record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant." (*Tahl*, p. 132.)[1] While the record must display an enumeration of the rights involved and defendant's responses thereto, they "'[do] not require the recitation of a formula by rote or the spelling out of every detail by the trial court.'" (*People* v. *Vest* (1974) 43 Cal.App.3d 728, 735 [118 Cal.Rptr. 84]; quoting from *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].)

---

[1]It is sufficient if the district attorney enumerates the litany of rights and elicits the responses in open court. (*People* v. *Vest* (1974) 43 Cal.App.3d 728, 734 [118 Cal.Rptr. 84].)

■ In the instant case it is defendant's contention that although defendant's right to a jury trial was explained to defendant in open court, and although defendant was specifically admonished by the deputy district attorney that this right is waived by a guilty plea, and although the defendant indicated by an affirmative response that he did understand that his right to a jury trial would be waived by his guilty plea, and thereafter did in fact plead guilty, that this record does not evidence an express waiver of this right.[2] Absent the imposition of a narrow procedural requirement to utilize specific words to effectuate a waiver (which requirement would certainly constitute an improper elevation of form over substance), it is clear that what is of primary importance is the defendant's awareness of his constitutional rights. The right to a jury trial is of such fundamental importance that courts require evidence *on the face of the record* that a defendant is fully apprised of the procedural consequences of his guilty plea. We find that this record adequately indicates an express waiver for *Boykin-Tahl* purposes.

(2) Defendant's second contention concerns Penal Code section 1016.5 (alien advised prior to plea that deportation or exclusion may result from conviction.) ■ Defendant argues that the court's failure to advise defendant that, were the defendant not a citizen, his conviction could result in deportation, exclusion from admission to the United States, or denial of naturalization, somehow resulted in the denial by the trial court of defendant's application to withdraw his plea pursuant to Penal Code section 1018 (withdrawal and substitution of pleas.)

Assuming arguendo that Penal Code section 1016.5 requires the advisement to every defendant, and assuming further that it would constitute error for a trial court to fail to so advise, section 1016.5, subdivision (b) requires a defendant to show that his conviction "may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States" before a court vacates any resulting judg-

---

[2]"Mr. Barshop [Deputy District Attorney]: I will explain certain constitutional rights that you must waive before you can enter a plea of guilty. [¶] You have a right to a jury trial. [¶] Do you understand what that is?
"The Defendant: Yes.
Mr. Barshop: 12 persons chosen by your attorney and a representative of the district attorney. They all listen to the evidence and they decide whether you are innocent or guilty. [¶] You will not have a jury trial if you plead guilty. Here. Do you understand?
"The Defendant: Yes.
"Mr. Barshop: You are giving up your right to a court trial, also?
"The Defendant: Yes."

ment and permits the defendant to withdraw the plea of guilty and enter a different plea. Defendant concedes that he is not subject to deportation, and does not allege any other basis for application of section 1016.5 to the instant case. If it is defendant's contention that failure to advise a defendant under section 1016.5 constitutes "good cause" for the discretionary application of Penal Code section 1018, where such defendant is not subject to deportation, exclusion, or denial of naturalization, this contention is rejected. Although Penal Code section 1018 is to be liberally construed, a denial of a motion to withdraw a guilty plea will not be disturbed unless the trial court has clearly abused its discretion. (*People* v. *Watts* (1977) 67 Cal.App.3d 173 [136 Cal.Rptr. 496].)

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.