[No. D011471. Fourth Dist., Div. One. Mar. 11, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES BASIL GOODRUM, Defendant and Appellant.

398

**COUNSEL**

Edward C. Schwer for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Louis R. Hanolan and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—On September 13, 1988, 70-year-old defendant James Basil Goodrum pleaded nolo contendere to a felony charge of driving under the influence of alcohol in violation of Vehicle Code section 23153, subdivision (a).[1] The charge stemmed from a single-car accident which resulted in the death of Roland Anners. According to the prosecution, Anners was a passenger in and Goodrum the driver of the vehicle. Goodrum maintained that Anners was driving at the time of the accident. In exchange for the plea, Goodrum was placed on probation with no jail time beyond the 60 days already served.

At the time of the plea, a civil wrongful death action filed against Goodrum by Anners's heirs was pending. Before accepting the plea, the trial court inquired of Goodrum whether he understood the nature of a nolo contendere plea. Goodrum explained and the court confirmed that it was identical to a plea of guilty except that it could not be used against him in a civil suit as an admission of liability.[2]

---

[1] Goodrum also admitted two prior convictions.

[2] The transcript of the hearing reads as follows:

"THE COURT: Mr. Goodrum, maybe I should make sure you understand what a nolo contendere plea is.

On June 1, 1989, Edward Schwer substituted in as Goodrum's attorney in both the criminal and civil case. Five months later on October 26, Schwer filed on behalf of Goodrum a petition for writ of error *coram nobis* seeking to withdraw the plea. Relying on Penal Code section 1016, subdivision 3, he argued that Goodrum had been misinformed by his prior counsel and the court regarding the use of a nolo contendere plea in the civil case.[3]

Although it conceded Goodrum had been misled, the court denied the request to withdraw the plea. The court explained its view that the civil effect of the plea was not central to the bargain and expressed concern that the passage of time might impact the prosecution's ability to try the case. It also noted that the damage, if any, was solely economic and Goodrum would have recourse against his attorney in a malpractice action.

## DISCUSSION

■■ ■■■ The California Supreme Court has explained that the trial court may entertain a postjudgment motion to withdraw a plea— technically styled a petition for writ of error *coram nobis*—whenever a defendant has been induced to enter the plea by misstatements made by a responsible public official.[4] ■■ "[I]t is now well settled in this state that

---

"THE DEFENDANT: Yes, sir. Mr. Villa explained it thoroughly.
"THE COURT: What did he—can you just summarize what you understand it to be?
"THE DEFENDANT: It is in a sense the same as a guilty plea.
"THE COURT: Right.
"THE DEFENDANT: And I guess the advantage to me, the way I see it, is the fact that it would—well, I wouldn't be facing the possibility of civil suits.
"THE COURT: Yes, that is exactly it. You have got it.
"Let me repeat it, sort of repeat what you just said.
"In this court it is the same as a guilty plea. But it would help you in a civil suit because a nolo contendere plea could not be used in that civil suit to prove liability.
"However, if you had pled guilty, then the guilty plea could have been used in the civil suit.
"THE DEFENDANT: Uh-huh, yes, sir, I understand."

[3] Penal Code section 1016, subdivision 3 provides in relevant part: "*In cases other than those punishable as felonies*, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Italics added.) The section was amended in 1982 to add the language limiting the effect to misdemeanor cases. (See Stats. 1982, ch. 390, § 3, p. 1725.)

[4] We have treated this case as procedurally appropriate for *coram nobis* relief because the statements by the trial judge were central to Goodrum's misperception. Obviously if a defendant enters a plea based on the erroneous advice of counsel without judicial or prosecutorial involvement, the sole postappeal remedy would be a petition for writ of habeas corpus alleging ineffective assistance of counsel. (See, e.g., *People* v. *Hunt* (1985) 174 Cal.App.3d 95, 104 [219 Cal.Rptr. 731].)

where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before plea of any kind was entered." (*People* v. *Schwarz* (1927) 201 Cal. 309, 314 [257 P. 71]; accord *People* v. *Campos* (1935) 3 Cal.2d 15, 17 [43 P.2d 274]; *People* v. *Wadkins* (1965) 63 Cal.2d 110, 113-114 [45 Cal.Rptr. 173, 403 P.2d 429].) "[A]ny other course," the court has added, "would probably constitute a denial of due process of law." (*Wadkins, supra*, 63 Cal.2d at p. 114.)[5]

The critical issue in this case is to determine the effect of the erroneous information imparted by trial counsel and confirmed by the trial court. In addressing this question, we must first determine by what standard we are to decide whether a defendant seeking to withdraw his guilty plea was mistakenly induced to enter the plea. Here, for instance, is it sufficient if Goodrum simply says he would not have entered the plea had he been given the correct information? Or must Goodrum show he would not have been convicted had he taken the matter to trial? Or is some other standard appropriate?

While a totally subjective standard has some theoretical appeal because it returns the parties to the status quo ante, this consideration is outweighed by the practical drawback that a subjective approach would render plea bargains virtually unenforceable at the defendant's option whenever it could be claimed that some changed fact or circumstance "would have made me change my mind" about the decision to plead. On the other hand, a standard which required the defendant to prove his defense in the *coram nobis* proceeding would effectively compel him to accept a judge as the trier of fact and deny him his right to a jury. Our reading of the limited precedent in this area convinces us a court should grant a *coram nobis* petition and allow the withdrawal of a plea if the presentation at the hearing establishes that a reasonable person in the defendant's position, had he been correctly advised by the judge or other responsible public official, would not have entered a guilty plea and forfeited his "substantial legal right" to a trial. (See *People* v. *Tucker* (1957) 154 Cal.App.2d 359, 362 [316 P.2d 417].) This

---

[5]We reject the People's contention that *coram nobis* relief is inappropriate because the issue could have been raised on direct appeal following the conviction. (See generally *People* v. *Sharp* (1958) 157 Cal.App.2d 205, 207 [320 P.2d 589].) The cited rule applies only where the true facts are or should have been known to the defendant before the time for taking an appeal has expired. (*Ibid.*) Here, Goodrum had no reason to suspect that the advice he received from the court and counsel was incorrect until new counsel was substituted and the issue arose in the civil case, which in any event was long after the time for appeal had expired.

objective standard preserves the traditional preference for a trial on the merits. (See Prickett, *The Writ of Error Coram Nobis in California* (1990) 30 Santa Clara L.Rev. 1, 72.) At the same time, it allows the court to independently evaluate the materiality of the error instead of relying on the defendant's sometimes self-serving assertions.

Where the erroneous advisement relates to a central element of the plea bargain—as has often been true in prior cases—there will be little question that withdrawal of the plea is appropriate. (See, e.g., *People v. Wadkins, supra*, 63 Cal.2d 110 [promise of probation]; *People v. Campos, supra*, 3 Cal.2d 15 [promise not to impose the death penalty].) Here, however, the misstatement concerns a collateral consequence of the plea. We are therefore required to determine whether such a misstatement was significant enough to cause a reasonable person not to enter the plea.

To do so, we must consider how Goodrum's nolo contendere plea can be used against him. In *Teitelbaum Furs, Inc. v. Dominion Ins. Co,, Ltd.* (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439], the Supreme Court concluded that a civil litigant could be collaterally estopped from relitigating an issue previously determined against him in a criminal proceeding. Distinguishing criminal cases resolved by a plea of guilty, Justice Traynor explained:

"A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive . . . . When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice [citation] combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action." (58 Cal.2d at pp. 605-606; see also *Pease v. Pease* (1988) 201 Cal.App.3d 29, 32-34 [246 Cal.Rptr. 762].)

Thus, to say that Goodrum's plea may be used against him in the civil case does not mean that his civil liability has been conclusively established. Quite the contrary, *Teitelbaum* fully "permits a party in a subsequent civil action to contest the truth of the matters admitted by his plea of guilty, present all facts surrounding the same including the nature of the charge and the plea, and explain why he entered such plea." (*Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 191 [71 Cal.Rptr. 357].) Here, of course, not only would Goodrum be entitled to explain his

plea; he could also introduce the hearing transcript which establishes his understanding that his plea was *not* an admission of factual guilt. Such a presentation would severely undercut the value of the plea as an admission.

The limited effect of the plea and the ability to fully contest its meaning convince us that the bare admissibility of the plea in subsequent civil action would not cause a reasonable defendant in Goodrum's position to decline the benefits of an otherwise favorable plea bargain.[6] Accordingly, the trial court properly denied Goodrum's motion to vacate his guilty plea.

## DISPOSITION

The order denying Goodrum's petition for a writ of error *coram nobis* is affirmed.

Kremer, P. J., and Nares, J., concurred.

On April 10, 1991, the opinion was modified to read as printed above.

---

[6] In this regard we note that even if his plea were not admissible, Goodrum would still be faced with explaining other admissions in the civil case. His probation report reflects Goodrum told two persons at the scene of the accident that he was driving the car.