[No. A067671. First Dist., Div. One. Aug. 3, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID F. CASTANEDA, Defendant and Appellant.

COUNSEL

Frank P. Sprouls for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Mark. S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DOSSEE, J.—In 1987 defendant pled no contest to driving under the influence (Veh. Code, § 23153, subd. (a)) and was sentenced to two years in

prison.[1] Seven years later, defendant moved to vacate the judgment of conviction pursuant to Penal Code section 1016.5 on the ground that he was not advised of the possible immigration consequences of his plea. The trial court denied the motion; defendant appeals.

### BACKGROUND

Since 1977, Penal Code section 1016.5 has required the trial court, before accepting a plea of guilty or nolo contendere, to advise a defendant in an appropriate case that the plea may have immigration consequences. It is undisputed that defendant was not advised in the 1987 proceedings—neither in his written plea form nor orally on the record.

Penal Code section 1016.5 provides that if the court fails to give the advisement and if the defendant shows that his conviction may result in deportation, exclusion, or denial of naturalization, then "the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

In his motion, counsel for defendant stated that defendant is a native of Guatamala who is presently involved in deportation proceedings. Defendant is not, however, facing deportation on account of his conviction in the present case for drunk driving. Indeed, defendant seems to concede that drunk driving is not a deportable offense. (Perhaps that is why defendant was not given the advisement under Penal Code section 1016.5.) The notice from the Immigration and Naturalization Service (INS) submitted as an exhibit to defendant's motion indicates that the basis for the deportation proceeding is defendant's 1983 conviction for assault with a deadly weapon. Defendant contends, however, that his 1987 conviction for drunk driving has adverse consequences for him in the deportation proceeding in that it will

---

[1]The plea was part of a negotiated disposition whereby, in return for the plea of nolo contendere, the district attorney agreed to dismiss an arming enhancement and two other charges brought in the action—driving with a blood-alcohol level of 0.10 or more (Veh. Code, § 23153, subd. (b)) and possession of a firearm by a convicted felon. In addition, another charge of gun possession, filed in an unrelated case, was dismissed.

In December 1993 defendant moved to expunge his conviction pursuant to Penal Code sections 1203.4 and 1203.4a. The trial court granted the motion, but upon notice from the Department of Justice that the procedure was available only to probationers, not to defendants who had served prison terms, the trial court vacated the order and denied the motion.

Next, defendant petitioned for habeas corpus relief in another action seeking to overturn his 1983 conviction for assault with a deadly weapon.

preclude a defense of good moral character during the 10-year period following his 1983 assault conviction.[2]

In response to the motion, the district attorney presented numerous documentary exhibits revealing defendant's criminal history. The district attorney argued that as a result of defendant's prior involvement both with the INS and with the criminal justice system, defendant knew of the potential immigration consequences of his plea.[3] Further, the district attorney argued that defendant had unduly delayed in waiting seven years to bring the motion.[4]

The trial court denied the motion, reciting the following reasons: "Quite frankly, this motion must be denied for a number of reasons. First of all, I don't believe that the petitioner has met [his] burden of showing diligence in presenting this motion or presenting the underlying facts to support the motion. [¶] The moving papers do not actually state anywhere in there that he was not actually aware of the consequences or met the burden of showing that he wasn't. Quite frankly, common sense would tell us that he was, in fact, aware of the consequences and possibility of deportation because of his prior conviction and for the prior deportation proceedings."

### DISCUSSION

█ By statute, a defendant who seeks to withdraw his guilty plea may do so before judgment has been entered upon a showing of good cause. (Pen.

---

[2]Neither the district attorney nor the Attorney General has argued that defendant failed to meet the threshold showing under Penal Code section 1016.5 that his conviction " 'may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' " (See *People v. Gloria* (1980) 108 Cal.App.3d 50, 53 [166 Cal.Rptr. 138] [where the defendant was not facing deportation, the absence of an advisement under section 1016.5 was not good cause to withdraw the guilty plea].)

[3]Years before the present drunk driving case, defendant was arrested in May 1983 for attempted murder after stabbing a man. He was acquitted of attempted murder but convicted of assault with a deadly weapon. In 1984 INS placed a hold with the Department of Corrections.

In 1985 defendant was arrested for using force to intimidate witnesses. (Pen. Code, § 136.1, subd. (c)(1).) He pled guilty to disturbing the peace, a misdemeanor. In connection with that plea, defendant was advised pursuant to section 1016.5 that his plea could have immigration consequences.

[4]An INS hold was placed on defendant in 1987, while defendant was serving his sentence in this case. In 1988 defendant was served by the INS with an order to show cause why he should not be deported for his 1983 assault conviction. Thus, defendant was aware of the possibility of deportation years before he brought this motion.

Code, § 1018.)[5] Although section 1018 is limited on its face to the period before judgment, the courts have long permitted defendants to move to set aside the judgment as a means of allowing the defendant to withdraw the guilty plea after judgment. (*People* v. *Wadkins* (1965) 63 Cal.2d 110, 113-114 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Schwarz* (1927) 201 Cal. 309, 314 [257 P. 71]; *People* v. *Caruso* (1959) 174 Cal.App.2d 624, 633 [345 P.2d 282]; *People* v. *Grgurevich* (1957) 153 Cal.App.2d 806, 810 [315 P.2d 391]; *People* v. *Smink* (1930) 105 Cal.App. 784, 790 [288 P. 873].)

Under Penal Code section 1018, mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of the plea, but good cause must be shown by clear and convincing evidence. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]; *People* v. *Nance* (1991) 1 Cal.App.4th 1453 [2 Cal.Rptr.2d 670].) The decision to grant the motion to withdraw the plea lies within the discretion of the trial court. (*People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636].)

With respect to postjudgment motions to withdraw a guilty plea, the courts have required a showing essentially identical to that required under Penal Code section 1018: "[W]here on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, *if a properly supported motion is seasonably made*, grant him the privilege of withdrawing his plea of guilty . . . . It should be noted, however, . . . that this exceptional remedy applies . . . only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes." (*People* v. *Schwarz, supra,* 201 Cal. at pp. 314-315, italics added.) Again the decision to grant the motion lies within the trial court's discretion. (*People* v. *Grgurevich, supra,* 153 Cal.App.2d at p. 811.)

█ In Penal Code section 1016.5, the Legislature explicitly acknowledged the motion to vacate the judgment as the appropriate vehicle to clear the way for a postjudgment withdrawal of a guilty or nolo contendere plea entered without advisement of the possible immigration consequences. As defendant reads section 1016.5, the trial court is compelled to vacate the judgment upon a mere showing that the defendant failed to receive the

---

[5]Penal Code section 1018 provides in part: "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

statutory advisement. We cannot agree with this interpretation. There is nothing in section 1016.5 to suggest that the Legislature intended to put aside long-established precedent requiring a "properly supported motion . . . is seasonably made." (*People* v. *Schwarz, supra,* 201 Cal. at p. 314.)

*Diligence*

■ A postjudgment motion to change a plea must be "seasonably made." (*People* v. *Schwarz, supra,* 201 Cal. at p. 314.) Thus, the trial court may properly consider the defendant's delay in making his application, and if "considerable time" has elapsed between the guilty plea and the motion to withdraw the plea, the burden is on the defendant to explain and justify the delay. (*People* v. *Caruso, supra,* 174 Cal.App.2d at pp. 641-643 [two months].) The reason for requiring due diligence is obvious. Substantial prejudice to the People may result if the case must proceed to trial after a long delay. For example, in *People* v. *Palmer* (1942) 49 Cal.App.2d 567 [122 P.2d 109], the defendant pled guilty, then fled and was apprehended 12 years later. In affirming the denial of his postjudgment motion to withdraw his plea the appellate court held that it would be a mockery of justice to permit the defendant to change his plea after 12 years, after material witnesses may have died or disappeared. (*Id.* at p. 572; see also *People* v. *Vernon* (1935) 9 Cal.App.2d 138, 142-143 [49 P.2d 326] [defendant waited four years to allege coercion or duress in his plea of guilty].)

■ In the present case, defendant waited seven years to seek relief. He offered no justification for the delay. The trial court acted well within the bounds of its discretion to deny relief on that ground alone.

■ Moreover, we observe that a motion to vacate the judgment is recognized as equivalent to a petition for the common law remedy of a writ of error *coram nobis.* (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 594, fn. 5 [114 Cal.Rptr. 250, 522 P.2d 1058]; *People* v. *Wadkins, supra,* 63 Cal.2d at p. 113; *People* v. *Wade* (1959) 53 Cal.2d 322, 339 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Chaklader* (1994) 24 Cal.App.4th 407 [29 Cal.Rptr.2d 344]; *People* v. *Grgurevich, supra,* 153 Cal.App.2d 806, 810; see *People* v. *Goodrum* (1991) 228 Cal.App.3d 397, 400 [279 Cal.Rptr. 120]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2168, p. 2539.) A writ of error *coram nobis* may be granted when three requirements are met: (1) the petitioner has shown that some fact existed which, without fault of his own, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of judgment; (2) the petitioner has shown that the newly discovered evidence does not go to the merits of the issues tried; and (3) the petitioner has shown

that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. (*People* v. *Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]; *People* v. *Soriano* (1987) 194 Cal.App.3d 1470, 1474 [240 Cal.Rptr. 328].)

Thus, a defendant who seeks to set aside the judgment on a petition for a writ of error *coram nobis* must allege the time and circumstances under which the new facts were discovered in order to demonstrate that he has proceeded with due diligence. (*People* v. *Trantow* (1986) 178 Cal.App.3d 842, 847 [224 Cal.Rptr. 70].)

■ Here, as the trial court found, defendant made no showing of reasonable diligence. The record indicates defendant has been facing deportation for his 1983 assault conviction since 1988. He does not allege when he first became aware of the effect of his drunk driving conviction upon his defense of good moral character, nor does he allege why he could not have discovered the effect earlier or why he waited until 1994 to seek relief. Defendant failed to establish diligence, and his motion was properly denied.

*Ignorance*

■ When the ground for withdrawing the guilty plea is the omission of advisement of the consequences of the plea, the defendant must show ignorance: that he was actually unaware of the possible consequences of his plea. For example, in *People* v. *Flores* (1974) 38 Cal.App.3d 484 [113 Cal.Rptr. 272], a case predating Penal Code section 1016.5, the defendant moved to withdraw his guilty plea on the grounds that the trial court had been unaware of the defendant's alien status and had not advised him of the possibility of deportation and his own attorney had told him he probably would not be deported. The trial court denied the motion, and the Court of Appeal affirmed: "Here, there was no abuse of discretion. Flores was made aware of the possibility of deportation by his attorney before he entered the guilty plea. His only confusion concerned the degree of the risk." (38 Cal.App.3d at p. 488.)

Similarly, in *People* v. *Quesada* (1991) 230 Cal.App.3d 525 [281 Cal.Rptr. 426], the court found no abuse of discretion in the denial of the defendant's motion to withdraw his guilty plea where the defendant signed a plea form advising of the possible immigration consequences and where the inference could be drawn that the defendant was fully aware of the risk of deportation at the time of his guilty plea. The circumstantial evidence there included the fact that there was an INS hold on defendant at the time of his

plea and the fact that defense counsel argued at sentencing that defendant would be unable to pay any fines or penalties if he was deported.

In the present case, the trial court emphasized that defendant did not allege that he was actually unaware of the immigration consequences of his plea. In fact, the evidence presented by the prosecution, unrefuted by defendant, showed that defendant was advised pursuant to Penal Code section 1016.5 in 1985 in an earlier case. (See fn. 3, *ante*.) Moreover, the INS placed a hold on him in 1984 following his conviction for assault.

In defendant's view, however, it is immaterial whether defendant was actually aware of the possibility of deportation; all that matters is whether defendant was advised. We wholly reject the contention. Subdivision (d) of Penal Code section 1016.5 makes clear that the purpose of the advisement is to give warning to those defendants who do not know of the possible immigration consequences.[6]

In *People* v. *Quesada, supra*, 230 Cal.App.3d 525, the court rejected the defendant's argument that Penal Code section 1016.5 requires an oral advisement by the trial judge. The court held instead that "[i]t is sufficient if, as here, the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." (230 Cal.App.3d at p. 536.) In so holding, the court characterized defendant's reading of the statute as exalting form over substance. The court emphasized that the purpose of Penal Code section 1016.5 is to ensure that a defendant is adequately warned of the possible immigration consequences of his plea; the dispositive question is whether defendant was actually advised, not who gave the admonition.

We, too, characterize defendant's argument here as exalting form over substance. It would defy logic and make a mockery of justice to hold that a defendant who was fully aware of the possibility of deportation but was not so advised on the record may elect, seven years afterward, to withdraw his plea and proceed to trial.

---

[6]Subdivision (d) of Penal Code section 1016.5 provides in pertinent part: "The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. . . ."

*Prejudice*

Defendant argues, however, that he was denied the opportunity to present evidence demonstrating that he was not aware that his drunk driving conviction could have the adverse effect on his defense to deportation on another offense. The trial court declined to hear defendant's testimony. Yet, even assuming arguendo that defendant was actually unaware of the consequences of his plea, defendant's motion was fatally defective in failing to allege the additional element of prejudice, i.e., that defendant would not have entered his no contest plea had he known of the consequences.

Defendant mistakenly takes comfort in *People* v. *Guzman* (1981) 116 Cal.App.3d 186 [172 Cal.Rptr. 34], in which the court found reversible error in the trial court's failure to advise the defendant pursuant to Penal Code section 1016.5. Although the People had argued the error was harmless in the absence of any claim that the defendant would not have entered his plea of nolo contendere had he been advised of the immigration consequences (116 Cal.App.3d at pp. 189-190), the Court of Appeal nevertheless reversed the judgment and remanded the matter to permit the defendant to move to withdraw his nolo contendere plea. The only issue discussed by the *Guzman* court was the issue of waiver: the court held that the error was not waived by the defendant's failure to make a motion in the trial court to withdraw his guilty plea. The court did not discuss prejudice.

In a subsequent case, however, one Court of Appeal disagreed with *Guzman* on the question of prejudice, although agreeing with it on the issue of waiver. In *People* v. *Aguilera* (1984) 162 Cal.App.3d 128 [208 Cal.Rptr. 418], as in *Guzman,* the defendant sought reversal of his conviction on the ground that the trial court had failed to advise him pursuant to Penal Code section 1016.5. The appellate court agreed that the matter should be remanded to permit the defendant to move to withdraw his plea. But the court concluded, contrary to *Guzman,* that section 1016.5 requires a showing of prejudice. The court reasoned that because the statute is designed to protect those who are not aware of the possible immigration consequence, the defendant would not be entitled to withdraw his plea if he possessed such knowledge at the time of his plea. The court remanded the matter to allow the defendant to show his lack of knowledge that he was subject to deportation because of his plea.[7]

We believe *Aguilera* is correct and applies no less to a motion to vacate the judgment than to a direct appeal. We therefore hold that the omission of

---

[7]The People had argued in *Aguilera* that because of the defendant's prior criminal history the defendant must have known he would be deported. The court acknowledged that a reasonable inference of knowledge could be drawn, but the court held the defendant was

the advisement under Penal Code section 1016.5 will provide a ground to vacate the judgment only upon a showing that the defendant was not aware of the possible immigration consequences of his plea and would not have entered his guilty or nolo contendere plea had he been properly admonished. (Cf. *In re Ronald E.* (1977) 19 Cal.3d 315, 325 [137 Cal.Rptr. 781, 562 P.2d 684] [prejudice required for relief from absence of *Boykin-Tahl* admonitions *(Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449])].)

Moreover, as we have already outlined above, in a *coram nobis* proceeding, a defendant must show prejudice. He must establish that he would not have entered the plea had he been aware of the true facts. For example, in *People* v. *Wiedersperg* (1975) 44 Cal.App.3d 550, 554-555 [118 Cal.Rptr. 755], another case which predates Penal Code section 1016.5, defense counsel's declaration in support of the petition for writ of error *coram nobis* stated that counsel had been unaware of defendant's alien status and had he known he would have sought some disposition of the marijuana case that would not have been grounds for deportation. Further, counsel declared that had the trial court known of the possibility of deportation the court would not have rendered the judgment. On appeal, the court held that these facts, if proved true, would justify *coram nobis* relief.

In contrast, in *People* v. *Goodrum, supra,* 228 Cal.App.3d 397, 401-403, the court held that *coram nobis* was properly denied where the defendant had failed to establish prejudice. The defendant claimed he had been misled by the trial court concerning the effect of his nolo contendere plea upon his civil liability. Although the defendant asserted he would not have entered the plea had he known the true facts, the Court of Appeal concluded that the misleading statement was not so significant as to cause a reasonable person to decline the plea bargain. Hence the court affirmed the denial of the *coram nobis* petition.

In summary, we reject defendant's contention that the mere showing that the trial court omitted the advisement required by Penal Code section 1016.5 compels vacating the judgment to permit a change of plea. Rather, we hold that a motion to vacate the judgment pursuant to section 1016.5 must be supported by a showing, at a minimum, (1) that at the time of his plea the defendant was not aware of the possible immigration consequences of his plea, (2) that he would not have pled guilty or nolo contendere had he known of the possibility of deportation or other immigration consequences, and (3) that his motion was brought with reasonable diligence upon discovery of the true facts.

---

entitled to present evidence, if he could, that he did not know of the possibility he could be deported for the offense.

In the present case, where defendant failed to make the required showing as to any of these elements, the trial court acted well within its discretion to deny the motion.

The order denying the motion to vacate is affirmed.

Strankman, P. J., and Newsom, J., concurred.