Filed 3/14/14  P. v. Machin C4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063240 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD230732) |
| SANDY ALONZO MACHIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

In this case Sandy Alonzo Machin appeals from a judgment following the denial of his motion to withdraw his guilty plea.  Machin contends the trial court abused its

discretion in denying his motion. After reviewing the record, we are satisfied that Machin failed to establish good cause to withdraw his plea and that the trial court acted well within its discretion in denying his motion. Accordingly we will affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

Machin was charged with one count of felony child abuse (Pen. Code,[1] § 273a, subd. (a)). It was also alleged that he personally inflicted great bodily injury within the meaning of sections 12022.7, subdivision (d) and 1192.7, subdivision (c)(8).

A jury trial was held on the charges, however, the jury was unable to reach a verdict and the trial court declared a mistrial. On the date set for a new trial (April 16, 2012), Machin entered a guilty plea to the charges, based upon an agreement that he would receive probation with credit for time served.

On May 14, 2012, the original date set for sentencing, Machin asked to replace appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)) and requested that he be permitted to withdraw his guilty plea. Following an in camera hearing the court denied the *Marsden* motion, but relieved appointed counsel because of a perceived conflict if counsel was called as a witness in any subsequent motion to withdraw the plea.

Eventually Machin retained counsel to replace appointed counsel and filed a motion to withdraw his guilty plea. A hearing was held on the motion to withdraw the plea. At that hearing Machin testified on his own behalf and trial counsel was called to

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

testify by the prosecution. The trial court also reviewed the transcript of the change of plea and the change of plea form, which Machin signed as part of the guilty plea process.

The trial court denied the motion to withdraw the plea. At the request of retained counsel, sentencing was continued for 30 days for counsel to file mitigation material, although such material does not appear in the record.[2]

Although appellant's counsel has set forth 13 pages of detailed discussion of the evidence produced at the jury trial, we will not include any recitation of the facts of the offense in this opinion. There is nothing contained in the evidence produced at the jury trial, which resulted in a mistrial, that is even remotely relevant to the issues presented in this case. Candidly, we do not understand why a lengthy recitation of the evidence from an aborted trial was included in the opening brief. We will briefly refer to the facts from the motion hearing in the discussion section of this opinion.

The trial court ultimately sentenced Machin to probation and limited the custody condition to the time served as of the date of sentencing. The trial court did impose a criminal protective order preventing Machin's contact with his son who was the victim in this case. Machin received a certificate of probable cause (§ 1237.5) and filed a timely notice of appeal.

---

[2]     The trial court attempted, in vain, to explain to retained counsel and Machin that the plea agreement was for a time-served sentence, meaning whenever Machin was sentenced, that would be the amount of time served. One would think counsel would have realized all that would happen with a 30-day delay would be to increase the amount of time Machin would spend in the local jail. However, Machin agreed and counsel insisted on the continuance in order to file mitigation material, which was never filed. Machin does not raise any issue regarding the delay in his sentencing.

3

DISCUSSION

In the trial court Machin presented essentially two arguments in support of his motion.  He argued he was not properly advised by counsel, that counsel misled him and that he was pressured into pleading by counsel's demand that he plead guilty immediately.  Machin's alternative argument was based on a claim that he was not properly advised about possible deportation consequences, which he was facing as a Cuban national.  On appeal, Machin does not claim any error with regard to advice about potential deportation.  This appeal is addressed to alleged misinformation by trial counsel that caused him to plead guilty against his will.  As we will discuss, Machin presented no credible evidence in the trial court to show his guilty plea was other than knowing, intelligent and voluntary.  It is apparent from the record that the trial court found his testimony to be untruthful, and the court did believe the contradicting evidence presented by trial counsel.  Further, the transcript of the change of plea and the associated plea form belie any basis for Machin's claim that he did not understand the nature and consequences of his actions.

A.  Background

At the time of his guilty plea, the court conducted a lengthy discussion of the plea and its consequences with Machin.  Machin had several questions about the serious felony consequences of his plea, which the court discussed with him until Machin indicated he understood what was being discussed.  Machin acknowledged he had signed, initialed and understood what was in the change of plea form.  The court also reviewed with Machin the rights which would be waived, the direct consequences of his plea and

4

advised him that if he is not a citizen of this country he "will" be deported as a result of his guilty plea.

As we have discussed, much of the evidence at the motion hearing was devoted to his claim he was not properly advised of deportation consequences. Trial counsel directly contradicted Machin. She pointed out he was on an INS hold throughout the proceedings and that they had discussed his potential deportation problem a number of times.

When Machin was confronted with the immigration consequences recited in the change of plea form and in the trial court's direct questioning, Machin was evasive and simply responded he had been informed he was to be reunited with his family and thus did not pay attention to those items of information.

With regard to the issue raised here, the alleged failure of trial counsel to properly advise him about the change of plea, Machin testified that counsel pressured him. He said he wanted to go to trial but counsel told him he had to plead guilty. Machin also said he had been assured that once he entered the plea he would be released and be back with his family. Trial counsel's testimony was to the contrary.

Trial counsel testified she told Machin she would be happy to take the case to trial again noting she had already taken the case to a jury trial, which resulted in a hopelessly deadlocked jury. Counsel denied pressuring or misadvising Machin and made him no promises about getting access to his son.

At the time of his plea, the prosecutor advised the court that she would seek a protective order to restrict access to the victim when the case returned for sentencing.

5

The trial court then discussed the possibility of a protective order and made clear to the parties that the court had not considered that possibility at that point. The court advised it would have to read the materials and that a protective order was a possibility but the issue would have to be litigated. Machin did not complain at that point nor did he indicate that the prosecutor's stated intentions impacted his decision. It was not until May 14, 2012 that Machin first raised his concerns with the court during his *Marsden* motion.

### B. Legal Principles

In *People v. Ravaux* (2006) 142 Cal.App.4th 914, this court dealt with an appeal from the denial of a motion to withdraw a guilty plea. The court succinctly set out the standards for reviewing such matter on appeal. The court said: "A defendant may move the trial court to set aside a guilty plea for good cause at any time before the entry of judgment. [Citation.] 'Good cause' means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment and must be shown by clear and convincing evidence. [Citation.] The grant or denial of such a withdrawal motion is 'within the sound discretion of the trial court and must be upheld unless an abuse thereof is clearly demonstrated.' [Citation.] We are required to accept all factual findings of the trial court that are supported by substantial evidence. [Citation.]" (*Id.* at p. 917.)

A person cannot change a guilty plea based upon disappointment or a change of mind. (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1143-1144.) Setting aside a guilty plea is an exceptional remedy that discourages finality of proceedings and should only be granted where there has been a strong showing that the defendant has been deprived of

6

fundamental rights.  (*People v. Ravaux*, *supra*, 142 Cal.App.4th at p. 919; *People v. Casteneda* (1995) 37 Cal.App.4th 1612, 1617.)

### C.  Analysis

In this case, Machin has not come close to carrying his burden of proof to show good cause by clear and convincing evidence to support withdrawal of his guilty plea. The record shows he was clearly and extensively advised of all of his rights and the significant consequences of his plea.  His version of the events was thoroughly impeached by his comments at the time of the plea and by his counsel's testimony. Plainly the court did not believe Machin's evasive answers as to why his current version of events was at odds with his testimony at the time of the plea.  His general excuse that he was focused on going home with his family and therefore apparently did not understand anything was not credible, and the trial court did not believe him.

Our task is not to make credibility decisions nor do we weigh conflicting testimony.  It is sufficient for us to determine that there is substantial evidence in the record from which the trial judge could reach the credibility determinations that were made.

There is no basis in this record for any finding that Machin met his burden of proof to show good cause, nor is there any basis for us to find an abuse of discretion.

DISPOSITION

The judgment is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


        McCONNELL, P. J.


        O'ROURKE, J.