Filed 10/16/14  P. v. Davis CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255733 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA088217) |
| v. | |
| AVERY GENE DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, and Avery Gene Davis, in pro per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Avery Gene Davis moved to withdraw his plea of no contest to first degree residential burglary one year after he was sentenced. The trial court denied his motion, and Davis appealed. His appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, and Davis filed a supplemental letter brief in pro. per.

In November 2012, Davis and a co-defendant were discovered in a home, holding some of the homeowner's property. They were charged with first degree burglary, person present (Pen. Code, § 459).[1] A prior strike conviction was alleged as to Davis. The prosecution offered "a package deal" to both, which included eight years in prison for Davis. Initially Davis rejected the deal. After the court advised him of his exposure to a minimum of nine and maximum of 17 years in prison, Davis stated he did not want to go to trial and asked if he could get seven years instead. The court explained he could not. Davis then consulted with his attorney, accepted the deal, waived his right to a jury trial, and pled no contest to the charge. He admitted the person-present and prior-strike allegations. In March 2013, the court imposed an eight-year sentence under the plea deal, as well as other fines and fees, and awarded Davis 119 days of presentence credits.

One year later, in March 2014, Davis moved to withdraw his plea. In a declaration, he stated his counsel had incorrectly informed him he had no defense to the charged crime, but he later learned he did have an unidentified defense. In a separate missive, Davis claimed he was taking medication while in county jail, the medication was making his mind "race," he was not in his "right mind," and he did not know what he was doing. The court denied the motion as untimely, finding no justification for the delay since all claimed facts existed at the time the plea was entered. It granted Davis's request for a certificate of probable cause.

In his supplemental letter brief, Davis asks for a new appellate counsel. He also claims he was "not able to think for [him]self" at the time he pled no contest, and his trial counsel "was not on [his] side."

---

[1] Statutory references are to the Penal Code.

A motion to withdraw a plea may be granted "at any time before judgment." (§ 1018.) To obtain postjudgment relief, the defendant must "explain and justify the delay." (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618.) Davis offers no explanation for the one-year delay in bringing the motion. We have examined the entire record and are satisfied that Davis's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.
We concur:



        WILLHITE, J.



        MANELLA, J.