Filed 6/30/15  P. v. Durantes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CERRANO MARIN DURANTES, <br><br> Defendant and Appellant. | D066533 <br><br><br> (Super. Ct. No. SCD116648) |

APPEAL from an order of the Superior Court of San Diego County,

Richard S. Whitney, Judge.  Affirmed.

Moreno & Associates and William J. Baker for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Barry J. Carlton and Christopher

P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.


In 1995, Cerrano Marin Durantes pleaded guilty to selling heroin and child

endangerment.  He appeals from an order denying his motion to set aside the guilty plea,

claiming the trial court erred in denying his motion because he was not advised of the

immigration consequences of his guilty plea, as required by Penal Code, section 1016.5. (All further statutory references are to the Penal Code.) We reject Durantes's argument and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On his change of plea form, Durantes initialed the statement: "I understand that if I am not a citizen of the United States, a plea of Guilty or No Contest could result in deportation, exclusion from admission to this country, or denial of naturalization." He also declared under penalty of perjury that he had read or had interpreted to him and understood each of the items on the plea form and that they were "true and correct."

Durantes's attorney asserted that she "personally read and explained the contents of the [plea form] to [Durantes]" and concurred in his plea and waiver of constitutional rights. An interpreter also signed the plea form, affirming that he "truly translated [the] form and all the questions therein to [Durantes] in the Spanish language. [Durantes] indicated that []he understood the contents of the form." Lastly, the trial court signed the plea form, confirming it had questioned Durantes and found that he had voluntarily and intelligently waived his constitutional rights.

The trial court sentenced Durantes to 365 days in custody and three years of formal probation. In 1996, Durantes was deported to Mexico. Approximately two months later, Durantes returned to the United States.

In May 2014, Durantes moved to set aside his guilty plea. He argued that at the time he pleaded guilty, he only spoke Spanish and his attorney spoke English. They communicated through an interpreter. Durantes stated that his attorney told him he

2

should plead guilty and gave him papers to sign. Durantes understood the papers were to plead guilty. However, Durantes did not recall anyone telling him that he could be deported as a result of his guilty plea. He further stated that he would not have pleaded guilty if he would have known it could result in deportation.

At the time of the hearing on the motion to set aside the guilty plea, Durantes's attorney who had represented him in the plea, testified that her normal practice was to advise noncitizen clients that a guilty plea would have deportation consequences.

The trial court denied Durantes's motion to set aside his guilty plea, finding the motion was untimely. This appeal followed.

DISCUSSION

Durantes ignores the trial court's ruling that his motion was untimely and instead argues the trial court should have set aside his guilty plea because he was not "fairly or properly informed of the drastic immigration consequences of the guilty plea." Specifically, he contends there is no solid proof that he was given the required immigration advisement, there is no showing that the court specifically confirmed that someone explained the immigration consequences to him, there is no evidence that he comprehended the immigration advisements, and the advisement was misleading because it did not fully explain that he would be unable to fight the deportation or ever obtain lawful immigration status. We reject these arguments.

Section 1016.5, subdivision (a), requires courts to inform noncitizens pleading guilty to certain felonies that a conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the

3

laws of the United States."  This advisement shall be given on the record.  (*Ibid*.)  If the court fails to advise the defendant of the possible immigration consequences, it must vacate the judgment and permit the defendant to enter a plea of not guilty.  (§ 1016.5, subd. (b).)  A trial court's denial of a motion to vacate under section 1016.5 is typically reviewed for abuse of discretion.  (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.)

A defendant's motion under section 1016.5 must be "'seasonably made.'"  (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618.)  "Thus, the trial court may properly consider the defendant's delay in making his application, and if 'considerable time' has elapsed between the guilty plea and the motion to withdraw the plea, the burden is on the defendant to explain and justify the delay.  [Citation.]  The reason for requiring due diligence is obvious.  Substantial prejudice to the People may result if the case must proceed to trial after a long delay."  (*Ibid*.)

Here, Durantes waited nearly two decades before moving to vacate his guilty plea. He entered his guilty plea in 1995 and was deported in 1996.  Thus, he was fully aware of the immigration consequences as far back as 1996.  Yet, he waited approximately 19 years after his plea before moving to set it aside even though he was in the United States during that time.  Durantes did not provide any justification for the delay.  Accordingly, the trial court properly denied Durantes's motion as untimely.

Even considering the merits of Durantes's motion, it would have failed.  To succeed on a motion to vacate under section 1016.5, "a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by

4

the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement." (*People v. Totari* (2002) 28 Cal.4th 876, 884.)

The reporter's transcript from Durantes's 1995 change of plea hearing is no longer available. However, the appellate record contains sufficient evidence to demonstrate that Durantes was advised of the immigration consequences of his plea. Durantes signed the change of plea form that included a written advisement of the possible immigration consequences. (See *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522 [concluding a written advisement of immigration consequences on a change of plea form satisfies requirements of section 1016.5].)

Moreover, the record shows that Durantes's counsel explained the immigration consequences to him and his interpreter recited the contents of the plea form to Durantes in Spanish. Counsel affirmed that Durantes acknowledged receiving explanations as to each advisement on the change of plea form; the interpreter confirmed that Durantes indicated he understood the contents of the form; and the court found that Durantes understood the consequences of the plea. Based on the record before us, Durantes has not shown that he was not advised of the immigration consequences of his plea. Thus, the trial court acted well within its discretion in denying Durantes's motion to set aside his guilty plea.

DISPOSITION

The order is affirmed.


McINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.