Filed 6/16/16  P. v. Valdovinos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063588 |
| v. | (Super.Ct.No. FWV1100307) |
| JUAN ORTA VALDOVINOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Law Offices of Zulu Ali, Zulu Ali and Mohammad Iranmanesh for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Juan Valdovinos appeals from the 2015 denial of his motion to vacate a judgment (Pen. Code, § 1016.5).  Defendant brought the motion to vacate his 2011 guilty

1

plea on the ground that the trial court failed to specifically admonish him that a conviction for possession for sale of marijuana (Health & Saf. Code, § 11359) would result in mandatory deportation. On appeal, defendant argues the trial court should have followed "the post-JRAD[1] doctrine and considered the legislative intent behind Penal Code section 1016.5. We affirm.

## BACKGROUND

The police report formed the factual basis for the defendant's guilty plea, so we refer to it for information relating to the underlying offense.

Police executed a traffic stop of defendant's vehicle when he made a right turn on a red light without first stopping. Upon approaching the defendant, who was driving, the officers smelled marijuana, and asked him to exit the vehicle. A search of the vehicle yielded 15.5 ounces of marijuana in two zip lock baggies, and four pill bottles containing marijuana inside a white bag. Defendant claimed the marijuana was for his personal use, and that he had a medical marijuana certificate,[2] but there were several messages on his cell phone from different people wanting to buy marijuana.

On February 2, 2011, defendant was charged with one count of possessing marijuana for sale (Health & Saf. Code, § 11359, count 1), and one count of sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)). On March 10, 2011, defendant pled guilty to count 1, in return for an agreement that he would be placed

---

[1] "JRAD" stands for judicial recommendation against deportation, a policy formerly followed in federal deportation proceedings.

[2] The validity of defendant's medical marijuana license could not be verified.

2

on probation, serve 120 days local time on a work-release or weekend program, and the dismissal of count 2. Item No. 14 on the Change of Plea form, which states, "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States or denial of naturalization will result from a conviction of the offense(s) to which I plead . . . nolo contendere (no contest)." On June 6, 2011, defendant was placed on probation in accordance with the terms of the agreement, and count 2 was dismissed.

On February 6, 2015, defendant filed a petition for dismissal pursuant to Penal Code section 1203.4, on the ground he had fulfilled the conditions of probation for the entire period. Subsequently, defendant filed a Motion to Reopen Case and Vacate Conviction, pursuant to Penal Code section 1016.5.[3] Defendant's declaration in support of the motion stated that the court failed to inform him that the guilty plea would result in mandatory deportation or denial of relief from deportation.

On April 10, 2015, the trial court denied defendant's motion to vacate the conviction. Defendant appealed.

---

[3] Defendant apparently abandoned the Penal Code section 1203.4 petition, which was taken off calendar when defendant did not appear. It also appears that on February 27, 2014, he filed a petition for writ of habeas corpus on the ground that his attorney did not properly advise him of immigration consequences, but that petition was denied on April 28, 2014. The grounds for denial were that the form signed by defendant at the time of his guilty plea specifically informed him that if he were not a United States citizen, his plea "will result" in immigration consequences, and included a statement from defendant that he had had enough time to consult with his attorney before entering his plea. Because he knew he would be deported, the court held he could not show prejudice, even assuming his attorney performed deficiently.

DISCUSSION

Defendant's sole contention on appeal is that the order denying his petition to vacate his guilty plea was erroneous where the trial court should have adopted the "post-JRAD doctrine" enunciated in *Padilla v. Kentucky* (2010) 559 U.S. 356 [176 L.Ed.2d 284, 130 S.Ct. 1473] (*Padilla*). We conclude the trial court properly admonished the defendant pursuant to Penal Code section 1016.5, and that any "post-JRAD" doctrine, if one exists, has no application here.

Since 1977, Penal Code section 1016.5 has required the trial court, before accepting a plea of guilty or nolo contendere, to advise a defendant in an appropriate case that the plea may have immigration consequences. (*People v. Martinez* (2013) 57 Cal.4th 555, 562; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1145, citing *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1615.) If the court fails to give the advisement and if the defendant shows that his conviction may result in deportation, exclusion, or denial of naturalization, then the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. (Pen. Code, § 1016.5, subd. (b); *Martinez, supra*, 57 Cal.4th at p. 562.)

The trial court has discretion whether to grant the motion to withdraw. (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.) We must uphold a denial of the motion on appeal unless there is a clear showing that the trial court has abused its discretion. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456; *People v. Waters* (1975) 52 Cal.App.3d 323, 328.) Moreover, we must adopt the trial court's factual findings if

4

they are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Penal Code section 1016.5 addresses only the duty of the court to admonish a defendant of the possibility that a conviction may result in removal from the United States, or preclude naturalization. (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1288.) "When the ground for withdrawing the guilty plea is the omission of advisement of the consequences of the plea, the defendant must show ignorance: that he was actually unaware of the possible consequences of his plea." (*People v. Castaneda, supra*, 37 Cal.App.4th at p. 1619.)

Defendant relies heavily on dicta found in *Padilla*, a case in which the United States Supreme Court held that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel, and that *Strickland*[4] principles applied to a claim that defendant was deprived of effective assistance of counsel. That dicta does not support defendant's contention here.

In *Padilla,* defendant's counsel not only failed to advise him of a very real deportation consequence prior to his entering the plea, but also told him that he did not have to worry about immigration status since he had been in the country so long. (*Padilla, supra,* 559 U.S. at p. 359.) In post-conviction state court proceedings, the Kentucky courts denied relief on the ground that the Sixth Amendment's guarantee of effective assistance of counsel did not protect a criminal defendant from erroneous advice

---

**4** Referring to *Strickland v. Washington* (1984) 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674].

about deportation because it was merely a "collateral" consequence of his conviction. (*Id*., at pp. 359-360.) Cognizant that deportation is basically assured for all but the most minor marijuana offense, the Supreme Court held that "deportation is an integral part—indeed, sometimes the most important part—of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." (*Id*., at p. 364, fn. omitted.) It thus concluded that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel, and may be raised on collateral attack. (*Id.,* at pp. 365-366.)

*Padilla* did not address the trial court's duty to admonish a defendant of immigration consequences, and did not impose a duty on the part of the court to give any particular warnings to the defendant relating to the certainty of deportation.[5]  However, the court reviewed the history of immigration law in discussing how deportation is a special and severe consequence of a conviction, and referred to the now-eliminated policy of Judicial Recommendation Against Deportation, as it applied in federal sentencing proceedings prior to 1990, which ameliorated this consequence in subsequent immigration proceedings. (*Padilla, supra,* 559 U.S. at pp. 362-363.)  However, the Court observed the JRAD procedure is no longer part of our law. (*Id*., at p. 363.)  More to the point, it did not extend that policy to state courts, or impose any duty on state courts to give more particularized warnings about immigration consequences.

---

[5]  Here, however, the defendant was admonished that immigration consequences "will result" from his plea.  To the extent defendant argues for a new rule requiring admonishment that deportation is a certainty following a change of plea, the result here would be the same.

6

The court's duty to admonish is governed by Penal Code section 1016.5, which requires the court to admonish a defendant as follows: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Pen. Code, § 1016.5, subd. (a).) In the present case, the defendant initialed a box on his change of plea form containing a nearly identical admonishment. That written admonishment was reaffirmed in open court when the trial court asked defendant if he understood that: "If you are not a citizen of the United States, you could be deported, excluded from admission, or denied naturalization." The defendant replied affirmatively.

Defendant has not demonstrated that the trial court was required to admonish defendant that he would absolutely be deported, and he has not established that the trial court had a duty to explain a non-existent "post-JRAD" policy, or even the authority to make a recommendation against deportation. The court's only duty was to admonish defendant consistent with the requirements of Penal Code section 1016.5; the record establishes the trial court discharged this duty, and defendant acknowledged his understanding of the consequences of his plea.

The trial court properly denied the petition to vacate the judgment.

7

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

8