[Civ. No. 1220. Fifth Dist. Dec. 15, 1970.]

FRANK CABRAL et al., Plaintiffs and Appellants, v.
STATE COMPENSATION INSURANCE FUND et al.,
Defendants and Respondents.

**COUNSEL**

R. W. Levy for Plaintiffs and Appellants.

T. Groezinger, Loton Wells, R. W. Kirby and Raymond M. Farley for Defendants and Respondents.

## Opinion

**STONE, P. J.**—This is a companion case to the action entitled Calvin Lynn Miller, a minor, by and through his Guardian ad Litem, Wilda Lo-Rein Miller, Plaintiff and Respondent, v. Frank Cabral and Marie Cabral, Defendants and Appellants, in which an opinion was filed this day, *ante,* page 503 [91 Cal.Rptr. 776]. That case involved an action against the Cabrals to recover damages for personal injury sustained on the Cabral ranch. The boy's father, in the course and scope of his duties on the Cabral dairy ranch, was driving a tractor hauling a feed wagon and dispensing hay from an opening on the side of the feeder into a 250-foot-long manger. Calvin was walking in the manger, approximately 3 feet from the ground, alongside the feed wagon. The flow of hay stopped and Mr. Miller asked Calvin to look into the opening to see if it was empty. In attempting to look into the feeder, Calvin lost his balance, grabbed an unguarded sprocket and chain arrangement which was in motion on the feeder, and sustained serious injury to his left hand. The 7-year-old minor, by and through his mother as guardian ad litem, filed an action against the Cabrals for damages resulting from the injury, framed in two counts. The first alleged that the boy was an invitee, that the defendants breached the duty of care owed the minor, and that his injury was the proximate result of the defendants' negligence in maintaining an unshielded and unguarded mechanism of the hay feeder. The second cause of action alleged that the boy was an employee of the Cabrals at the time of the accident, that they failed to protect him by not providing workmen's compensation insurance in violation of Labor Code section 3706. Upon learning that the Cabrals carried workmen's compensation insurance, plaintiff's counsel dismissed the second cause of action without prejudice. However, counsel provided by Cal-Farm Insurance Co., the comprehensive liability insurer for the Cabrals, obtained an amendment of the pretrial order to include the issue of employment as an affirmative defense, upon the theory that if the child was an employee his sole recourse would be a proceeding to obtain benefits under the workmen's compensation laws. (Lab. Code, §§ 3600-3603.) The issue of employment was thoroughly tried, and the defendants submitted a special interrogatory, "At the time of the accident in question, was the plaintiff minor, Calvin Miller, an employee of defendants, Frank Cabral and Marie Cabral?" To this special interrogatory, the jury answered, "No."

In the meantime, Cal-Farm filed this action in declaratory relief on behalf of itself and the Cabrals, against State Compensation Insurance Fund and the minor. The basis for declaratory relief is that the boy was an employee of the Cabrals, acting within the scope of his employment, and not an invitee. Cal-Farm asked the trial court to declare that the boy was an em-

ployee of the Cabrals, that his exclusive remedy is under the Workmen's Compensation Act, and that under the provisions of its policy the Fund is obligated to pay on behalf of the Cabrals all compensation benefits to which the minor may be entitled. By a second cause of action, Cal-Farm asked the court to adjudge that the Fund is obligated to pay a part of the expense for defending the personal injury action in proportion that the respective policy limits bear to each other.

The Fund moved for summary judgment as to both issues, and the court granted the motion the same day that the jury brought in its verdict that the boy was not an employee.

Apparently the court took judicial notice of the primary action in which the same nominal parties were litigating the same issue, and determined that it should not be litigated by the same parties in two different lawsuits at the same time, in the same court, in granting the motion for summary judgment.

■ Cal-Farm argues that it was improper to determine this question by summary judgment and, also, that a triable issue of fact was presented. (*Slobojian* v. *Western Travelers Life Ins. Co.,* 70 Cal.2d 432, 436-437 [74 Cal. Rptr. 895, 450 P.2d 271].)

Granting, arguendo, that a demurrer or motion to strike would have been a more appropriate proceeding, that fact is immaterial since the question of employment is moot, for reasons delineated in our opinion filed in the primary action, *Miller* v. *Cabral, ante,* page 503 [91 Cal.Rptr. 776]. It would be an idle act to reverse, and send the matter back to the trial court, because the rule of collateral estoppel (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439]; *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892]) is applicable. The issue of employment was thoroughly litigated in the primary action, the Cabrals and Cal-Farm, which as insurer furnished the defense, had an opportunity to present their case on the issue of employment, before a court of competent jurisdiction which decided against them.

■ The second question presented in the declaratory relief action is whether Cal-Farm is entitled to contribution from the Fund for the cost of defending the Cabrals in the primary action. Appellants' contention rests upon two cases, the basic case, *Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168], holds that a carrier "must defend a suit which *potentially* seeks damages within the coverage of the policy." (P. 275.) The other case, *Continental Cas. Co.* v. *Zurich Ins. Co.,* 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455], extrapolates the duty to defend to a duty to make contribution for failure to meet the primary duty. The court held that where there is "other insurance" covering the *same* liability as the basic or com-

prehensive policy, the defense by one insurer inures to the benefit of the non-defending carrier. Thus the equitable principle of subrogation entitles the defending carrier to contribution from the carrier that refused to defend.

Manifestly, Cal-Farm is not entitled to contribution unless the Fund was under a duty to defend in the first place, and we do not find that duty here, for the following reasons. The Fund did not issue the Cabrals a comprehensive liability policy, rather, under the terms of its policy liability was limited to injuries arising out of an employer-employee relationship. When the plaintiff dismissed his cause of action in the primary suit predicated upon an employer-employee relationship, potential liability under the workmen's compensation policy was eliminated as to that action. Under the facts of this case, had there been an employer-employee relationship, the plaintiff's exclusive remedy would have been by a proceeding before the Industrial Accident Commission. (Lab. Code, § 3601.) While it is true that Cal-Farm raised the issue of employment and submitted the question to the jury by special interrogatory, there is no way under the law in which the minor plaintiff could have recovered a judgment against the Cabrals had the jury determined the youngster was an employee.

*Gray* v. *Zurich Insurance Co., supra,* holds that the insurer must defend a *suit* "which *potentially* seeks damages within the coverage of the policy." Here, had every facet of the case been decided in favor of appellants, no judgment could have been entered in the case against the Cabrals.

Moreover, it seems incongruous to ask a court of equity to force the Fund to contribute one-half the money Cal-Farm spent in an attempt to shift the burden of liability from itself to the Fund. The two carriers would have been working at cross-purposes. The important factor is that the Cabrals were never without insurance protection; their potential liability, which proved to be actual in the negligence action, was covered by their comprehensive liability policy with Cal-Farm. Had the boy been adjudged an employee, the superior court action would have been terminated and new proceedings commenced before the Industrial Accident Commission; in such event the Fund would have been obligated to protect the Cabrals.

The judgment is affirmed.

Coakley, J., and Ginsburg, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 10, 1971.

---

*Assigned by the Chairman of the Judicial Council.