[No. B028907. Second Dist., Div. Five. Apr. 18, 1988.]

CLARENCE PEASE, Cross-complainant and Appellant, v.
LOIS P. PEASE, Cross-defendant and Respondent.

COUNSEL

Lemaire & Faunce, Edward L. Faunce, Ramsey, Hogan & Holmberg and Robert E. Kuhn for Cross-complainant and Appellant.

Daniels, Baratta & Fine and Deborah Kaplan Galer for Cross-defendant and Respondent.

## OPINION

**BOREN, J.**—May a trial court in a civil proceeding give collateral estoppel effect to a criminal conviction involving the same issues if the conviction resulted from a guilty plea? Our Supreme Court instructs us that the answer to this question is an unequivocal "No," because this would unfairly deprive a party of his right to an adversary proceeding in which to present his case. Because the trial court in this case erroneously arrived at a contrary answer to the question posed here, we must reverse.

### FACTS

This case began with the filing of a civil complaint against appellant Clarence Pease. The first amended complaint contains eight separate causes

of action asserted by appellant's grandchildren and the grandchildren's parents. In brief, it is alleged that appellant molested his grandchildren while he was babysitting them at his home. Damages for emotional and physical pain and suffering are sought based on premises liability, negligence, and assault and battery. A punitive damages attachment alleges that appellant has been convicted of violating Penal Code section 288, which prescribes a term of imprisonment for the willful commission of lewd or lascivious acts upon a child under the age of 14.

In his answer, appellant denied most of the material allegations, but admitted that he had been convicted of a violation of Penal Code section 288, subdivision (a) as part of a plea bargain. Concurrently, appellant filed a cross-complaint against respondent Lois Pease, his ex-wife, seeking an apportionment of fault. Respondent filed a demurrer to this cross-complaint for which no disposition is shown in the record.

On December 2, 1986, appellant filed a first amended cross-complaint, again naming respondent as cross-defendant and seeking an apportionment of fault, alleging that respondent had negligently agreed to care for the children and had assumed the duties and obligations of a babysitter despite her knowledge that appellant had sexual disorders and was involuntarily compelled to touch and fondle his grandchildren. Appellant also alleged that he specifically asked respondent not to babysit the children at their home.

Respondent filed her demurrer to the first amended cross-complaint on January 8, 1987, alleging that the cross-complaint failed to state facts sufficient to constitute a cause of action for apportionment of fault. Specifically, respondent argued that an intentional tortfeasor such as appellant has no right to contribution from a tortfeasor who is merely negligent, such as respondent. In opposition, appellant argued that respondent's demurrer assumes that he is in fact an *intentional* tortfeasor, without the benefit of a trial on the issue of intent. Appellant pointed to the causes of action for negligence contained in the complaint to show that not all the issues in the main action involve intentional torts for which apportionment is unavailable. In reply, respondent asserted that appellant's guilty plea in the criminal action for child molestation collaterally estops appellant from claiming that his acts were negligent. Appellant managed to have the last word in this exchange in his "Response to Reply to Opposition," in which he noted that his guilty plea in the criminal prosecution covered only one act of molestation alleged in the complaint, and that he was therefore not estopped from claiming negligence as to the other molestation incidents that are alleged by the plaintiffs.

A hearing was held on the demurrer on March 13, 1987, and the court's ruling issued on March 19. The court sustained respondent's demurrer to the cross-complaint without leave to amend, reasoning that violations of Penal Code section 288, subdivision (a) are intentional torts, that there can be no indemnity for intentional torts, and that appellant was therefore collaterally estopped by his guilty plea in the criminal prosecution. An order dismissing the cross-complaint was filed on May 11, 1987. Appellant appeals from this order of dismissal.

## DISCUSSION

### 1. *Bases for the Demurrer and This Appeal*

■ A trial court may take judicial notice of a prior judgment in deciding whether to sustain a demurrer based upon res judicata principles, regardless of whether the prior judgment was pleaded, providing that (1) the court has been correctly apprised of the judgment and (2) the party responding to the demurrer is given adequate notice and an opportunity to be heard as to the effect of the judgment. (*Carroll* v. *Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 486 [143 Cal.Rptr. 772].)

Here, respondent requested that the trial court take judicial notice of appellant's criminal prosecution, and attached certified copies of the criminal complaint and guilty plea. In his answer, appellant admitted this conviction. Prior to and at the hearing on the demurrer, appellant had the opportunity to discuss the effect of the criminal judgment both orally and in writing.

Hence, the prior criminal judgment was properly before the trial court when it ruled upon the demurrer in this case, and it is now properly before us as we review the trial court's order of dismissal, which operates as a final judgment and is an appealable order. (*Velasco* v. *Commercial Bldg. Maintenance Co.* (1985) 169 Cal.App.3d 874, 876 [215 Cal.Rptr. 504].)

### 2. *Effect of Appellant's Criminal Conviction on the Proceedings in This Civil Case*

■ Our determination here necessarily follows the principles enunciated by Justice Traynor in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439], which addresses the proper use of a prior criminal conviction in a subsequent civil suit. The court noted at the outset that it is permissible to apply collateral estoppel in a civil case to issues determined in a previous criminal prosecution. However, the court put an important limitation on the collateral use of the

criminal conviction, and it is precisely this exception which applies to the instant case: "A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. 'The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy.' (*Bernhard* v. *Bank of America* [1942] 19 Cal.2d 807, 811 [122 P.2d 892].) 'This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case.' (*Jorgensen* v. *Jorgensen* [1948] 32 Cal.2d 13, 18 [193 P.2d 728].) When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice (see *Vaughn* v. *Jonas* [1948] 31 Cal.2d 586, 594 [191 P.2d 432]) combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action." (58 Cal.2d at pp. 605-606.)

Applying these legal principles to the facts before it, the court concluded that Teitelbaum was afforded a full opportunity to litigate the issue of his guilt in his criminal trial. Therefore, any issue necessarily decided against him in the criminal proceeding would be deemed conclusively determined as to the parties if it were raised in a subsequent civil trial. (*Id*. at pp. 606-607.)

Following the *Teitelbaum* case, application of collateral estoppel has subsequently been allowed in civil cases *only* after the same issues have been "thoroughly litigated" in the prior criminal proceeding. (See, e.g., *Leader* v. *State of California* (1986) 182 Cal.App.3d 1079, 1081-1083 [226 Cal.Rptr. 207]; *Bank of California* v. *Pan American Tire Corp.* (1982) 132 Cal.App.3d 843, 848 [183 Cal.Rptr. 470]; *Cabral* v. *State Compensation Ins. Fund* (1970) 13 Cal.App.3d 508, 511 [91 Cal.Rptr. 778]; *People* ex rel. *State of Cal.* v. *Drinkhouse* (1970) 4 Cal.App.3d 931, 935 [84 Cal.Rptr. 773]; *O'Connor* v. *O'Leary* (1967) 247 Cal.App.2d 646, 650 [56 Cal.Rptr. 1]).[1] Similarly, the policy considerations described in *Teitelbaum* have operated to preclude a guilty plea in one criminal action from having a collateral estoppel effect in a subsequent criminal proceeding because it meant that

---

[1] One of the primary cases relied upon by the parties to this appeal—*Allstate Ins. Co.* v. *Overton* (1984) 160 Cal.App.3d 843 [206 Cal.Rptr. 823]—likewise involved a criminal conviction obtained after a full trial. The *Allstate* court explicitly acknowledged that if the criminal judgment had arisen from a guilty plea, it would *not* qualify for collateral estoppel use. (*Id*. at p. 848, fn. 3.)

the issues in the earlier case had not all been fully litigated. (See, e.g., *People v. Fuentes* (1986) 183 Cal.App.3d 444, 451-452 [237 Cal.Rptr. 465]; *People v. Camp* (1970) 10 Cal.App.3d 651 [89 Cal.Rptr. 242].)

More recently, our Supreme Court has confirmed that the principles contained in *Teitelbaum* have continued vitality, noting that collateral estoppel effect is given to issues in a civil case only after the defendant has had an opportunity to fully litigate them in the prior criminal trial. (*Yarbrough v. Superior Court* (1985) 39 Cal.3d 197, 205 [216 Cal.Rptr. 425, 702 P.2d 583].)

The sound public policies favoring a full presentation of issues in an adversary proceeding prevent the application of collateral estoppel in this case. The issue of appellant's guilt was not fully litigated in the prior criminal proceeding; rather, appellant's plea bargain may reflect nothing more than a compromise instead of an ultimate determination of his guilt. Appellant's due process right to a hearing thus outweighs any countervailing need to limit litigation or conserve judicial resources.[2]

Finally, we direct the trial court's attention to *Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 190-191 [71 Cal.Rptr. 357] for its instructive discussion of the proper use of the prior guilty plea during a civil trial.

### DISPOSITION

The order dismissing appellant's cross-complaint is reversed. Costs are awarded to appellant.

Ashby, Acting P. J., and Hastings, J.,* concurred.

---

[2] The facts in this case are distinguishable from those described in *Allstate Ins. Co.* v. *Kim W.* (1984) 160 Cal.App.3d 326 [206 Cal.Rptr. 609]. The court's opinion in that case does not specify whether there was an actual criminal conviction obtained against the appellant, nor whether there was a guilty plea or a criminal trial. Instead, the court relied upon the appellant's admission in his answer that he had in fact "participated in such acts which constituted a violation of Penal Code No. 288." (*Id.* at p. 330.) Here, by contrast, appellant only admitted the existence of his conviction as a result of the plea bargain without admitting that he had committed any of the acts alleged against him in the civil suit.

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.