Filed 6/6/23 Davies v. Iles CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MATTHEW DAVIES, | C095731 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. STK-CV-UPI-2021-0002707) |
| MAX ILES et al., | |
| Defendants and Respondents. | |

This appeal is taken from a judgment of dismissal after an order sustaining a demurrer without leave to amend. The primary issue before us is whether a trial court may give preclusive effect in a subsequent civil action to a criminal conviction resulting from a guilty plea arising out of the same incident. Plaintiff and appellant Matthew Davies (Davies) contends that while his guilty plea may be admissible in a later civil action as an admission of the crimes with which he was charged, it is not conclusive of all factual issues that may arise in the civil litigation he is bringing against the other parties

1

involved in the underlying incident. Davies contends the trial court erred by reaching the opposite conclusion. We agree and therefore reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On Halloween night, October 31, 2018, Davies was involved in a physical altercation with defendants and respondents Max Iles, Mary Iles, and Samantha Iles (collectively, defendants) in a residential neighborhood in Stockton, during which Davies struck defendant Max Iles with a drinking glass. Davies subsequently was arrested and charged with one count of felony assault upon Max Iles (Pen. Code, § 245, subd. (a)(4)), with a great bodily injury enhancement (Pen. Code, § 12022.7, subd. (a)); and one count of misdemeanor battery upon Mary Iles. (Pen. Code, § 242.) The information further alleged a prior prison term enhancement under Penal Code section 667.5, subdivision (b). Davies was not charged with any offenses involving Samantha Iles.

On October 9, 2019, Davies pleaded guilty to each of the charges and admitted the enhancements. He was sentenced to five years of formal probation.

On March 26, 2021, Davies filed a civil complaint against defendants arising out of the incident on October 31, 2018. Davies thereafter filed a first amended complaint, which alleged the following.

On October 31, 2018, Davies left a party, drink in hand, to meet his family and friends who were trick-or-treating in the neighborhood. At the time, Davies was dressed in costume as the scary clown from the novel and movie, "It." When Davies spotted his family and friends across the street, he began to approach them "in a dancelike motion . . . with arms outstretched and making a 'Roar!' sound . . . ." As Davies crossed the street, he was "suddenly and unexpectedly accosted" by a different group of trick-or-treaters that included defendants Max Iles, Mary Iles (Max's mother), and Samantha Iles (Max's sister). Defendants ran up to Davies and shouted at him to stop his behavior.

Upon hearing their shouts, Davies "immediately came to a stop and did not touch Max, Mary, Samantha, or any member of the Iles Group." Despite "standing still and

2

posing no threat . . . at all," the complaint alleges that defendants encircled Davies and physically attacked him. The complaint specifically alleges that Mary Iles attempted to trip Davies by kicking his legs and that she grabbed Davies's head and pulled his hair. The complaint further alleges that Max Iles shoved Davies and struck Davies with a closed fist on the right side of the head. The complaint alleges that all three defendants intentionally struck Davies and that Davies was forced to defend himself against their attacks. The complaint alleges that Davies was "attempting to shake off his attackers" when he swung his hand that was holding the drink glass and struck Max Iles in the head, causing a large cut to the left side of Max's face.

The first amended complaint alleges causes of action against each of the three defendants for battery, assault, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED). The complaint seeks to recover compensatory damages from each defendant, and punitive and exemplary damages from defendants Max Iles and Mary Iles.

Defendants demurred to the first amended complaint and each cause of action alleged therein on the ground that it failed to state facts sufficient to constitute a cause of action against any defendant. In support of the demurrer, defendants requested the court take judicial notice of various records from Davies's criminal case (*People v. Davies*, San Joaquin County Superior Court case No. STK-CR-FE-2019-2996), including the accusatory pleadings and an excerpt of the plea hearing transcript.[1] Davies filed an opposition to the demurrer and the request for judicial notice.

---

[1] Defendants did not request judicial notice of the entire criminal court file, or furnish the trial court with sufficient information to enable it to take notice of the entire criminal court file. (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 498.) Thus, in reviewing the correctness of the judgment, we shall consider only those documents that were included in the request for judicial notice and that are part of the record on appeal. (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 737.)

3

Following a hearing on August 6, 2021, the trial court issued a minute order granting the request for judicial notice and sustaining the demurrer in its entirety without leave to amend. The court directed defendants to prepare a formal order.

On October 1, 2021, a signed formal order was filed stating that the "demurrer is sustained without leave to amend; otherwise be dismissed." Defendants served notice of entry of the order on October 6, 2021. On November 19, 2021, Davies filed a notice of appeal from the October 6 notice of entry of the order. In December 2021, this court dismissed the appeal on the ground it was not appealable.

On January 28, 2022, a final judgment of dismissal after order sustaining demurrer was filed. Notice of entry of judgment was served and filed on February 2, 2022. Davies timely filed a notice of appeal from the judgment of dismissal on February 3, 2022.

DISCUSSION

I

*Timeliness of Appeal*

As a threshold issue, we dispose of defendants' argument that this appeal should be dismissed because it was filed more than 60 days after notice of entry of the October 1, 2021 order sustaining the demurrer, which defendants contend was an appealable order.

We previously determined that the October 2021 order was not an appealable order and therefore dismissed Davies's appeal of that order as premature. We stand by that conclusion. Although the trial court's order contains language that the case "otherwise be dismissed," we construe this to mean an order of dismissal would be issued in the future, not as an immediate order of dismissal. The case subsequently was dismissed in January 2022 when the court entered its judgment of dismissal, and Davies timely appealed that judgment. (Code Civ. Proc., § 581d; Cal. Rules of Court, rule 8.104(a).) Thus, we have jurisdiction to consider the merits of this appeal.

4

## II

### Standard of Review

The function of a demurrer is to test the legal sufficiency of the factual allegations of the complaint. (*Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1411.) On appeal from a dismissal after an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it contains sufficient facts to state a cause of action under any legal theory. (*Silva v. Langford* (2022) 79 Cal.App.5th 710, 715.) In evaluating the complaint, we must assume the truth of all material facts properly pleaded in the complaint. (*Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819.) We also must accept as true facts that are reasonably implied or may be inferred from the complaint's express allegations. (*Ibid.*) However, we do not assume the truth of contentions, deductions, or conclusions of fact or law, and we may disregard allegations that are contrary to the law or to a fact which may be judicially noticed. (*Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184, 1189.)

When a demurrer is sustained without leave to amend, we also must consider whether there is a reasonable possibility that the defect in the complaint could be cured by amendment. (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.) It is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment. (*Balikov v. Southern Cal. Gas Co., supra*, 94 Cal.App.4th at p. 820.)

## III

### Effect of Prior Guilty Pleas in Subsequent Civil Action

Relying on *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601 (*Teitelbaum*), the trial court held that the issues raised in Davies's civil complaint were conclusively decided against him in the prior criminal proceeding, and therefore Davies is precluded from relitigating them in a civil action. Davies argues that the trial court

5

misconstrued and misapplied *Teitelbaum* and therefore incorrectly sustained the demurrer without leave to amend.  We agree.

A.    *Legal principles*

Courts have frequently used " 'res judicata' " as an "umbrella term" encompassing two separate " 'aspects' " of an overarching doctrine that prohibits relitigation of claims and issues which have already been adjudicated.  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824 (*DKN Holdings*).)  Claim preclusion, the primary aspect of res judicata, " 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.]  Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.  [Citations.]  If claim preclusion is established, it operates to bar relitigation of the claim altogether."  (*Id.* at p. 824.)  "Claim preclusion promotes judicial economy and avoids piecemeal litigation by preventing a plaintiff from ' " 'splitting a single cause of action or relitigat[ing] the same cause of action on a different legal theory or for different relief.' " ' [Citation.]"  (*Parkford Owners for a Better Community v. Windeshausen* (2022) 81 Cal.App.5th 216, 225.)

"Issue preclusion, the ' " 'secondary aspect' " ' historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit. [Citation.]"  (*DKN Holdings, supra*, 61 Cal.4th at p. 824.)  Under issue preclusion, a prior judgment conclusively resolves an issue actually litigated and determined in the first action, even if the second suit raises different causes of action.  (*Id.* at pp. 824-825.)  "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party.  [Citations.]"  (*Id.* at p. 825.)

B.    *Claim preclusion*

Defendants argue that the court properly sustained the demurrer to the first two causes of action (for assault and battery) because they are the same causes of action to

6

which Davies pleaded guilty in the criminal proceeding, and therefore are barred by principles of claim preclusion. Davies responds that claim preclusion does not apply because the two proceedings involve different causes of action. We agree with Davies.

California courts apply the " 'primary rights' " theory in determining whether two proceedings involve the same cause of action for purposes of claim preclusion. (*State Comp. Ins. Fund v. ReadyLink Healthcare, Inc*. (2020) 50 Cal.App.5th 422, 447.) Under that theory, a cause of action is comprised of " 'a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.) A primary right " 'is simply the plaintiff's right to be free from the particular injury suffered,' " regardless of the legal theory on which liability for the injury is based, and each invasion of a primary right gives rise to a separate cause of action. (*Ibid*.) " ' "Even where there are multiple legal theories upon which recovery might be predicated, *one injury* gives rise to only one claim for relief." [Citation.]' " (*Burdette v. Carrier Corp.* (2008) 158 Cal.App.4th 1668, 1685, original italics.)

Here, the civil assault and battery causes of action against defendants do not involve the same primary right as the criminal assault and battery charges against Davies. The latter involves a violation of a public duty, subjecting Davies to criminal prosecution for wrongful conduct against defendants. The former involves a claim for monetary damages for an (alleged) invasion of Davies's private right to be free of tortious conduct. Even if they arise from the same underlying incident and involve some common facts, the alleged harm suffered by Davies is different and the civil causes of action could not have been raised in the prior criminal proceeding. (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 487-488; *Teitelbaum, supra*, 58 Cal.2d at p. 604 [where civil cause of action is different from a charge pursued by the state in prior criminal proceeding, criminal conviction is not entitled to res judicata effect]; *City of Martinez v. Texaco Trading & Transp., Inc.* (9th Cir. 2003) 353 F.3d 758, 762-763 [applying California

7

law].) Accordingly, Davies's civil claims for assault and battery are not barred by principles of claim preclusion.

C.    *Issue preclusion*

We likewise conclude that Davies's civil claims are not barred on issue preclusion grounds.

As discussed, for issue preclusion to apply, the issue sought to be precluded must have been actually litigated and decided in a prior proceeding. (*DKN Holdings, supra*, 61 Cal.4th at p. 825; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) In *Teitelbaum*, our Supreme Court held that an issue decided in a prior criminal proceeding can serve as the basis to apply collateral estoppel in a subsequent civil proceeding. (*Teitelbaum, supra*, 58 Cal.2d at pp. 604-605.) However, in dictum, the court distinguished criminal convictions resolved by a guilty plea. (*Id.* at pp. 605-606.) The Supreme Court stated, "When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice [citation] combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action." (*Id.* at pp. 605-606.)

Following *Teitelbaum*, application of collateral estoppel arising from a criminal action has been applied in civil cases only if the same issues were " 'thoroughly litigated' " and necessarily determined as part of a prior criminal trial. (*Pease v. Pease* (1988) 201 Cal.App.3d 29, 33 (*Pease*).) While a guilty plea is admissible in a subsequent civil action on the independent ground that it is an admission, the plea is not treated as conclusive. (*Teitelbaum, supra*, 58 Cal.2d at p. 605.) It is merely evidence against the party and the party "may contest the truth of the matters admitted by the plea and explain why the plea was entered, including all the circumstances surrounding the charge and the

8

plea." (*Rusheen v. Drews* (2002) 99 Cal.App.4th 279, 287-288, fn. omitted; *Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 191, validity questioned on other grounds by *Barber v. Long Beach Civil Service Com.* (1996) 45 Cal.App.4th 652, 658.) The weight and significance of such evidence is a matter for the trier of fact. (*Arenstein, supra*, at p. 191; see *People v. Lee* (2011) 51 Cal.4th 620, 651.)

The principles enunciated in *Teitelbaum* remain valid. (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1204; accord, *Isidora M. v. Silvino M.* (2015) 239 Cal.App.4th 11, 23, fn. 13; *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 767, fn. 4, 770; *20th Century Ins. Co. v. Schurtz* (2001) 92 Cal.App.4th 1188, 1193, 1196; *Pease, supra*, 201 Cal.App.3d at pp. 32-34; *People v. Camp* (1970) 10 Cal.App.3d 651, 653.) Applying these principles, we conclude the trial court erred in determining that Davies's guilty pleas "conclusively" determined the issues raised in the first amended complaint.

D.     *Party admissions*

Defendants argue that even if Davies's guilty pleas are not conclusive, they are admissible as party admissions which contradict the facts alleged in the first amended complaint. We agree the guilty pleas are admissible. (*Teitelbaum, supra*, 58 Cal.2d at p. 605; *Pease, supra*, 201 Cal.App.3d at p. 33; *Isidora M. v. Silvino M., supra*, 239 Cal.App.4th at p. 23, fn. 13.) But we are not persuaded the pleas contradict the facts alleged in the complaint.

The facts subject to judicial notice establish only that Davies pleaded guilty to two criminal offenses: felony assault (with a great bodily injury enhancement) and misdemeanor battery.[2] At most, his pleas constitute an admission of the elements of the

---

[2]     Although the parties stipulated that the preliminary hearing transcript provides a factual basis for the pleas, the preliminary hearing transcript was not included in defendants' request for judicial notice and is not part of the record on appeal. Even if it were, a stipulation to the factual basis for a plea constitutes an admission only to the facts

9

charged offenses, i.e., that Davies did willfully and unlawfully (1) commit an assault upon Max Iles by means of force likely to produce great bodily injury (and which did in fact produce such injury); and (2) touched Mary Iles in a harmful or offensive manner. (See, e.g., *People v. Halstead* (1985) 175 Cal.App.3d 772, 778; see also CALCRIM Nos. 875 & 960.)

Notably, Davies does not contest the guilty pleas or claim that he is free from any wrongdoing. Nevertheless, he contends the guilty pleas do not foreclose the claims alleged in his civil complaint. We agree.

The first amended complaint is not a collateral attack upon the guilty pleas. It does not seek to invalidate or avoid the effect of the prior criminal judgment. Instead, the civil complaint raises an issue that the criminal case neither addressed nor resolved: whether defendants committed torts against Davies *before* the conduct underlying his criminal conviction.

Defendants have failed to explain, and we are unable to discern, how the facts alleged in this lawsuit are fatally inconsistent with Davies's prior criminal pleas. The admission by Davies that he committed assault and battery against certain defendants is not obviously incompatible with allegations that defendants also committed an assault and battery (and other torts) against him. (See *Kon v. City of Los Angeles* (2020) 49 Cal.App.5th 858, 862-864 [finding no inconsistency between a civil suit for excessive force and a criminal conviction for disturbing the peace].)

We decline defendants' invitation to speculate whether there are "further admissions," supportive of the demurrer, elsewhere in Davies's criminal file. First, as discussed, defendants did not request judicial notice of the entire criminal file and therefore that file is not before us. Second, we are cognizant of the procedural posture in which this matter came to us. Judicial notice of matters upon demurrer is "dispositive

necessary to establish the elements of the charged offense(s) and is not a binding admission for all purposes. (*People v. French* (2008) 43 Cal.4th 36, 49-50.)

10

only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed." (*Cruz v. County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134; accord, *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 485; *Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 218, fn. 11.) " 'A demurrer is simply not the appropriate procedure for determining the truth of disputed facts.' [Citation.]" (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374; accord, *Richtek USA, Inc. v. uPI Semiconductor Corp.* (2015) 242 Cal.App.4th 651, 660.)

Here, there is no dispute that Davies pleaded guilty to the criminal charges against him. But the pleas are not conclusive, and the facts surrounding the convictions remain subject to dispute. (*Interinsurance Exchange v. Flores* (1996) 45 Cal.App.4th 661, 672-673 [nolo plea to felony criminal charge did not establish underlying factual matters at issue]; *Pease, supra*, 201 Cal.App.3d at p. 34.)

Thus, although we express no opinion on the merits of Davies's causes of action, or on any other defenses that might be available to defendants, we conclude the court erred in sustaining the demurrer to the first amended complaint based on Davies's prior guilty pleas.

IV

*Other Grounds for Demurrer*

In the trial court, defendants raised two grounds for the general demurrer: (1) that Davies's claims are subject to res judicata/collateral estoppel because of the prior guilty pleas; and (2) that irrespective of the guilty pleas, the facts alleged in the first amended complaint were insufficient to state causes of action for assault, battery, IIED, and NIED.

On appeal, Davies addresses this second alternative ground for the demurrer, arguing that the first amended complaint alleges facts sufficient to state each cause of action. (Code Civ. Proc., § 452.) Defendants, in contrast, address only the first ground relating to the guilty pleas.

11

In general, a judgment of dismissal after an order sustaining a demurrer will be affirmed if the complaint is objectionable on any ground raised by the demurrer. (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1533; *Zappas v. King Williams Press, Inc.* (1970) 10 Cal.App.3d 768, 771; *California State Employees' Assn. v. Williams* (1970) 7 Cal.App.3d 390, 395.) However, a respondent who has advanced multiple theories in support of a demurrer "may be deemed to have abandoned those theories by failing to reassert them on appeal." (*Tukes v. Richard* (2022) 81 Cal.App.5th 1, 20.) "Put another way, if the proponent of a theory does not consider it worthy of recitation to the appellate court, the appellate court is entitled to presume the theory has no merit." (*Ibid.*)

We apply that presumption here. Because defendants have failed to present any pertinent argument on the alternative ground for the demurrer, we deem the issue abandoned on appeal. We therefore consider only the legal effect of the prior guilty pleas and decline to address whether the first amended complaint is objectionable on any other ground raised by the demurrer.

## DISPOSITION

The judgment of dismissal is reversed. The order sustaining the demurrer without leave to amend is vacated and the cause is remanded with directions to enter a new and

12

different order overruling the demurrer.  Plaintiff Davies is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1),  (2).)


                                                          _____KRAUSE_____, J.


We concur:


_____HULL_____, Acting P. J.


_____RENNER_____, J.