Filed 10/1/15  P. v. Davis CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON JONATHAN DAVIS,<br><br>    Defendant and Appellant. | H041613<br>(Santa Clara County<br>Super. Ct. No. C1109331) |

Defendant Aaron Jonathan Davis appeals from an order denying his motion to vacate his plea.  We affirm.

## I.  Procedural and Factual Background

In June 2011, defendant was arrested and charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1)), and possession of ammunition by a felon (Pen. Code, former § 12316, subd. (b)(1)).

In August 2011, the case was set for trial on a time-not-waived basis.  The last day for trial was approximately September 30, 2011.  The case was assigned for trial on September 29, 2011.  At that time, the prosecutor dismissed the assault with a deadly weapon charge.  The trial did not proceed, however, because defense counsel, Casey

Clift, sought a continuance of trial beyond the statutory last day so that he could file a motion to suppress evidence. Over defendant's objection, the trial court found good cause to grant the continuance pursuant to Penal Code sections 1049.5, 1050, and 1382, subdivision (a), based on Clift's representations that the motion was important to the defense of the case and he would be ineffective in failing to file the motion.

In mid-October 2011, the date set for the suppression motion, the hearing did not proceed, because Clift indicated a doubt as to defendant's competency to stand trial. The trial court suspended criminal proceedings.

In early 2012, another attorney, Sarah McCarthy, was assigned to represent defendant. After a trial on defendant's competency, criminal proceedings were reinstated. McCarthy filed a motion to suppress evidence, which was denied.

In April 2012, the parties entered into a plea agreement. The trial court indicated that if defendant pleaded guilty to the two remaining counts, he would be sentenced to credit for time served and probation, which would terminate on release. The prosecutor opposed the offer. McCarthy conveyed the indicated sentence to defendant and advised him that he should plead guilty rather than go to trial. Defendant wanted to pursue the issue of a speedy trial violation. McCarthy advised him that she did not believe the issue was meritorious and that he should discuss this issue as well as the Fourth Amendment violation with his appellate attorney. The parties stipulated to a factual basis for the plea. McCarthy also stated at the change-of-plea hearing that defendant continued to object to a violation of his speedy trial rights in spite of his plea and intended to pursue the issue on appeal. After defendant entered his no contest pleas and was sentenced, McCarthy submitted a certificate of probable cause to the trial court on the speedy trial issue. The trial court signed the certificate of probable cause and McCarthy filed a notice of appeal on behalf of defendant.

Several months later, defendant learned from appellate counsel that he could not raise the issue of a speedy trial violation on appeal because he did not have a trial.

2

However, defendant's appeal raised the issue of whether the trial court had erroneously denied the suppression motion. Defendant contacted McCarthy and stated that he wanted to withdraw his plea, because she had erroneously told him that he could pursue the speedy trial violation on appeal. McCarthy acknowledged that she had erroneously advised him, but explained that she did not believe that he would have succeeded on this issue. McCarthy advised him that the Fourth Amendment violation was more likely to succeed and that he should wait to see whether the case was reversed on appeal rather than bring a motion to withdraw his plea. Defendant decided not to pursue the motion at that time.

In October 2013, this court issued its opinion in case No. H038263 in which it concluded that trial court properly denied the suppression motion and affirmed the order placing defendant on probation. In early 2014, after the appeal became final, defendant contacted McCarthy about the motion to withdraw his plea. Though McCarthy did not agree with defendant's decision to withdraw his plea, she brought the motion to vacate the plea based on how her erroneous advice might have affected defendant's decision to enter his plea. In October 2014, the trial court denied the motion.

Defendant filed a timely notice of appeal.

## II. Discussion

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Defendant was notified of his right to submit written argument on his own behalf and has submitted two letter briefs to this court. Defendant appears to be arguing that both Clift and McCarthy rendered ineffective assistance of counsel.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the

3

representation fell below an objective standard of reasonableness under prevailing professional norms.  [Citation.]  Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  [Citation.]"  (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93.)

Defendant focuses on Clift's request for a continuance beyond the statutory limit to file a motion to suppress evidence despite defendant's insistence on proceeding to trial.  However, a defendant's statutory right to be tried within 60 days is not a fundamental right, and thus counsel may waive this right over objection by defendant.  (*Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781-782.)  Here, defendant is claiming that his statutory right to be tried within 60 days was violated.  Thus, defendant has failed to demonstrate that Clift's performance was deficient when he requested a continuance in order to file a motion to suppress evidence, thereby waiving defendant's statutory speedy trial right.

As to McCarthy, her representation was deficient when she erroneously advised defendant that he could raise the issue of a speedy trial violation on appeal.  However, defendant has failed to show prejudice.  Even assuming that defendant had been able to raise this issue on appeal, the judgment would not have been reversed.  As previously stated, Clift's request for a continuance was properly granted over defendant's objection.

Relying on *People v. Goodrum* (1991) 228 Cal.App.3d 397, defendant contends that the trial court erred when it denied his motion to withdraw his plea.  He points out that when he entered his plea, the trial court failed to advise him that he could not appeal the violation of his right to a speedy trial without having had a trial.  However, a trial court should "allow the withdrawal of a plea if the presentation at the hearing establishes that a reasonable person in the defendant's position, had he been correctly advised by the judge or other responsible public official, would not have entered a guilty plea and forfeited his 'substantial legal right' to a trial.  [Citation.]"  (*Id.* at p. 401.)  According to his letter brief, defendant asserts that he wanted to go to trial because if he was found

4

guilty, the judgment would be reversed on appeal on the statutory violation of his speedy trial right.  Thus, defendant's reason for taking the case to trial was erroneous.  A reasonable person would have entered a plea because, even if he had been correctly advised, he would not have gone to trial on the mistaken notion that the judgment would be reversed on appeal.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.


### III.  Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:



_____
Bamattre-Manoukian, Acting P. J.




_____
Grover, J.




*People v. Davis*
H041613